# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**LeROY A. GLAZER,**

        **Plaintiff,**

**v.**                                                   **Case No. 05-C-130**

**EUGENE J. BROOKHOUSE,**
**EUGENE J. BROOKHOUSE, S.C.,**
**WILLIAM K. RICHARDSON,**
**FRANK J. PARISE,**
**BROOKHOUSE, RICHARDSON & PARISE,**
**Attorneys at Law,**

        **Defendants.**

## DECISION AND ORDER

Currently pending is the contested motion of defendants Eugene J. Brookhouse ("Brookhouse"), Eugene J. Brookhouse, S.C. ("Brookhouse S.C."), William K. Richardson ("Richardson"), Frank J. Parise ("Parise"), Brookhouse, Richardson & Parise, Attorneys at Law ("BR&P firm"), (collectively "the Defendants") for an order amending this Court's March 31, 2006, decision and order to include a certification that such decision and order satisfies the criteria set forth in 28 U.S.C. § 1292(b) for an interlocutory appeal.

Section 1292(b) of Title 28 of the United States Code provides:

> When a district judge, in making in a civil action an order
> not otherwise appealable under this section, shall be of the opinion
> that such order involves a controlling question of law as to which
> there is substantial ground for difference of opinion and that an
> immediate appeal from the order may materially advance the

ultimate termination of the litigation, he shall so state in writing in such order.

"There are four statutory criteria for the grant of a § 1292(b) motion: there must be a question of *law*, it must be *controlling*, it must be *contestable*, and its resolution must promise to *speed up* the litigation." *Ahrenholz v. Bd. of Trs. of the Univ. of Ill.*, 219 F.3d 674, 675 (7th Cir. 2000). There is also non-statutory requirement that the petition must be filed with the district court within a reasonable time after the order sought to be appealed. *Id*. "Unless *all* these criteria are met, [this Court] may not and should not certify the appeal." *Id.* at 676. District courts have been instructed to explain their consideration of the statutory criteria. *Id*.

### *Timeliness*

Although the parties do not address the timeliness of the Defendants' motion, the Defendants' April 21, 2006, request for an interlocutory appeal was filed within a reasonable time of the Court's March 31, 2006, decision and order. *See Boim v. Quranic Literacy Inst. & Holy Land Found. for Relief & Dev.*, 291 F.3d 1000, 1008 (7th Cir. 2002) (Holding that motions for certificates of appealability were filed within a reasonable amount of time after the district court's January 10, 2001, entry of the order denying the defendants' motion to dismiss, where one motion was filed by a defendant on February 14, 2001, and another motion was filed on February 15, 2001). Thus, the motion is timely.

### *STATUTORY CRITERIA*

Evaluation of the statutory criteria of § 1292 requires that the Court revisit its March 31, 2006, decision and order. Based on its interpretation of Wisconsin common law, the Court determined that based on the face of the pleadings, plaintiff LeRoy A. Glazer ("Glazer"),

2

a beneficiary of a trust created by his mother, Dorothy M. Ruffalo ("Ruffalo"), has standing to sue the Defendants for negligence, his first cause of action. Glazer's negligence claim is based on Brookhouse's preparation and presentation of an amendment to the Ruffalo Trust to Ruffalo for signature, after Brookhouse had been directly advised by Ruffalo's treating physician that he and Ruffalo's psychiatrist had declared her incompetent. The amendment removed Glazer as the sole beneficiary of Ruffalo Trust and made him a co-beneficiary of the Ruffalo Trust, with two others.

### *Question of Law*

The first statutory criteria under § 1292(b) is that there must be a question of law. Question of law as used in § 1292(b) has reference to a question of meaning of a statutory or constitutional provision, regulation, or common law. *Id.* at 676. Question of law is referred to "in much the same way that a lay person might, as referring to a 'pure' question of law rather than merely an issue that might be free of a factual contest." *Id.* at 676-77. Expressed simply, the court of appeals stated that the "the idea was that if a case turned on a pure question of law, something that the court of appeals could decide quickly and cleanly without having to study the record, the court should be enable to do so without having to wait till the end of the case." *Id.* at 677. The court also characterized a "pure question of law" as an "abstract legal issue." *Id.*

Under Wisconsin law, the type of issue presented is referred to as a mixed question of law and fact, since it takes into consideration the factual allegations of the pleadings. *See e.g.*, *Batchelor v. Batchelor*, 570 N.W.2d 568, 572 (Wis. Ct. App. 1997) (Holding that the

3

determination, for purpose of motion to disqualify, both as to whether attorney-client relationship existed between moving party and attorney, and as to whether attorney is now representing adverse party in substantially related matter, is mixed question of law and fact.) Thus, it would be imprecise to characterize the standing question as being a "pure question" of law. But, since this Court resolved the issue on the pleadings, appellate review would not involve delving into the record. *See Boim*, 291 F.3d at 1001-02. Overall, the Court concludes that the appeal would not raise a "pure issue of law," as the term is used in § 1292(b).

### *Controlling*

The second statutory criterion under § 1292(b) is that the question of law must be controlling. The cases do not interpret the term literally. *Sokaogon Gaming Enter. Corp. v. Tushie-Montgomery Assocs., Inc.*, 86 F.3d 656, 659 (7th Cir. 1996) "A question of law may be deemed "controlling" if its resolution is quite likely to affect the further course of the litigation, even if not certain to do so." *Id.* (citing *Johnson v. Burken*, 930 F.2d 1202, 1205-06 (7th Cir. 1991); 16 Charles Alan Wright et al., *Federal Practice and Procedure* § 3930, at 159-60 & n.12 (1977)). If the Defendants prevailed on appeal, Glazer's negligence claim against the Defendants would be subject to dismissal. Thus, the issue would be controlling.

### *Contestable*

The third statutory criteria under § 1292(b) is that the question of law must be contestable; i.e., that "substantial grounds for a difference of opinion on the issue exist." The Court's conclusion that Glazer has standing to sue is primarily based on its analysis of *Auric v. Cont'l Cas. Co.*, 331 N.W.2d 325 (Wis. 1983) and *Beauchamp v. Kemmeter*, 625 N.W.2d 297

4

(Wis. Ct. App. 2001). The Wisconsin courts have not addressed the precise issue presented. While it is not beyond the Court's ken that a different conclusion could be reached, it does not believe that "substantial grounds for a difference of opinion on the issue exist." *See* 28 U.S.C. § 1292(b).

### *Materially Advance Litigation*

The fourth statutory criteria under § 1292 is whether the appeal would materially advance the litigation; that is, "its resolution must promise to speed up the litigation." 28 U.S.C. § 1292(b). A ruling in favor of the Defendants on appeal would be dispositive of Glazer's negligence claim. Regardless, Glazer would continue to litigate his breach of contract claim against the Defendants. Further, based on the pleadings, the majority of the evidence may be relevant to both Glazer's breach of contract and his negligence claim. Additionally, the trial is expected to only last three to four days. Thus, an interlocutory appeal would not materially advance this litigation.

The proposed appeal does not fulfill all the requisite criteria for an interlocutory appeal under § 1292. Based on the foregoing analysis, the Court declines to amend its March 31, 2006, order to allow for an interlocutory appeal.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

The Defendants' motion for certification pursuant to 28 U.S.C. § 1292(b) is **DENIED**.

Dated at Milwaukee, Wisconsin this 8th day of June, 2006.

                                   **BY THE COURT**

                                   s/ Rudolph T. Randa
                                   **Hon. Rudolph T. Randa**
                                   **Chief Judge**