# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**LeROY A. GLAZER,**

    **Plaintiff,**

v.            Case No. 05-C-130

**ANDREW R. BROOKHOUSE,**
**EUGENE J. BROOKHOUSE,**
**EUGENE J. BROOKHOUSE, S.C.,**
**WILLIAM J. BROOKHOUSE,**
**FRANK J. PARISE,**
**BROOKHOUSE, RICHARDSON & PARISE, Attorneys at Law,**

    **Defendants.**

# DECISION AND ORDER

    This matter is scheduled for a telephonic final pretrial conference on February 7, 2007. Defendant Andrew R. Brookhouse ("A. Brookhouse"), was added to this action by an amended complaint filed with leave of the Court on August 17, 2006. A. Brookhouse then filed a motion to dismiss and a motion for summary judgment. A. Brookhouse's motions are addressed herein.

*Motion for Summary Judgment*

    A. Brookhouse seeks summary judgment dismissing the claims against him on the ground that no basis exists for the imposition of vicarious liability against him for the "alleged negligence" asserted in the action. (A. Brookhouse Mot. S.J., 1.)

*Summary Judgment Standard*

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also, Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). A party "opposing a properly supported motion for summary judgment may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Doe v. Cunningham*, 30 F.3d 879, 883 (7th Cir. 1994) (quoting *Anderson*, 477 U.S. at 248; also citing *Celotex Corp.*, 477 U.S. at 324; *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986); *United States v. Rode Corp.*, 996 F.2d 174, 178 (7th Cir. 1993)).

"Material facts" are those facts that under the applicable substantive law "might affect the outcome of the suit." *See Anderson*, 477 U.S. at 248. A dispute over "material facts" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. The burden of showing the needlessness of a trial – (1) the absence of a genuine issue of material fact and (2) an entitlement to judgment as a matter of law – is upon the movant. In determining whether a genuine issue of material fact exists, the Court must consider the evidence in the light most favorable to the nonmoving party. *See Matsushita Elec. Indus. Co., Ltd.*, 475 U.S. at 587.

*Relevant Facts*[1]

LeRoy A. Glazer ("Glazer") filed this legal malpractice action concerning the Dorothy M. Ruffalo Revocable Trust ("Trust") created by his mother, Dorothy M. Ruffalo ("Ruffalo"). Glazer alleges that Attorney Eugene Brookhouse ("E. Brookhouse"), knew as of March 4, 2002, that Ruffalo's physician had declared her incompetent. Glazer claims that E. Brookhouse negligently amended the Trust on March 13, 2002, changing the designation from Glazer as sole beneficiary to Glazer as an equal co-beneficiary with Larry Senkbeil and Terry Senkbeil (collectively "Senkbeils"). Glazer also claims that E. Brookhouse entered into an attorney-client relationship with Glazer as the trustee of the Trust and that E. Brookhouse breached the duties he owed to Glazer in that capacity.

After Ruffalo's death, there was a trust contest. Glazer alleges he incurred $150,000 in damages related to attorney's fees, costs and settlement of that dispute. Glazer seeks to recover damages from E. Brookhouse; A. Brookhouse; E. Brookhouse's service corporation, Eugene Brookhouse, S.C. ("Brookhouse S.C."); a law firm designated as Brookhouse, Richardson and Parise ("BR&P firm"); and two other attorneys, William Richardson ("Richardson") and Frank Parise ("Parise"). Glazer seeks to recover damages from all the Defendants for their vicarious liability for the conduct and actions of E. Brookhouse under "the Wisconsin Statutes including but not limited to § 180.1915." (Amended Compl. ¶ 3.)

---

[1] The relevant facts are based upon the parties' proposed findings of fact to the extent they are undisputed.

During the course of E. Brookhouse's deposition, which was taken in July 2006, Glazer allegedly discovered that E. Brookhouse's father, A. Brookhouse, was listed on the letterhead of the BR&P firm in 2002. Glazer's attorney filed a motion to amend the pleadings, seeking leave of the Court to name A. Brookhouse as a defendant. The Court granted the motion and the amended complaint was filed and served thereafter.

The vicarious claims set forth against A. Brookhouse in the amended complaint are nearly identical to those set forth against Richardson and Parise in the original complaint. Glazer alleges that A. Brookhouse should be held vicariously liable for the alleged negligence of E. Brookhouse because he was a part of the "association" of attorneys known as BR&P. Although the amended complaint suggests that BR&P was a service corporation in 2002,[2] no entity by that name has ever been registered as a service corporation in Wisconsin.

When the Trust was amended in 2002, E. Brookhouse was a sole shareholder in a service corporation known as Brookhouse S.C. E. Brookhouse was also an employee of Brookhouse S.C. A. Brookhouse was never an employee of Brookhouse S.C. A. Brookhouse was not practicing law when E. Brookhouse amended the Trust in 2002. A. Brookhouse retired in 1996 and has not practiced law since then.

When A. Brookhouse last practiced law, A. Brookhouse was the sole shareholder and employee of a different service corporation that is not part of this lawsuit, Andrew R. Brookhouse, S.C. ("A. Brookhouse, S.C.") Since his retirement, A. Brookhouse

---

[2]Section 180.1915 of the Wisconsin Statutes, cited in paragraph three of the amended complaint, relates to the liability of service corporations and their shareholders, directors, officers or employees.

has had no dealings with Glazer or Ruffalo and did not know who they were until he was named as a defendant in this action.

Prior to 1994 and thereafter, A. Brookhouse and E. Brookhouse communicated with clients, including Glazer and Ruffalo, using a letterhead identifying the name of their law firm as "Brookhouse & Brookhouse" and listing the members of the law firm as A. Brookhouse S.C., E. Brookhouse S.C., and Richardson. From 1999 to 2002, the Defendants represented themselves to clients, including Glazer and Ruffalo, using a letterhead identifying the name of the law firm as "Brookhouse, Richardson & Parise" and listing A. Brookhouse, E. Brookhouse, S.C., Richardson, and Parise beneath the firm name.

Glazer believed that A. Brookhouse was a member of the B, R & P firm and that firm was providing legal services to him and Ruffalo. (Glazer Aff. ¶ 3.) Glazer avers that had he been made aware, as the Defendants now claim, that they were never partners or otherwise associated in the practice of law and had no malpractice insurance, he would have not allowed them to do legal work for him or his mother. (*Id*. ¶ 5.)

*Analysis*

Glazer asserts A. Brookhouse is liable as a result of partnership by estoppel under Wis. Stat. § 178.13. Glazer relies upon the firm's stationary, Wisconsin Supreme Court Rule ("SCR") 20:7.5, and his affidavit. A. Brookhouse argues that because Glazer specifically relied upon Wis. Stat. § 180.1915 in his complaint, Glazer cannot rely upon statutes not cited in the complaint to support his claims against A. Brookhouse. Furthermore, A. Brookhouse

5

states that neither Wis. Stat. § 178.13 or SCR 20:7.5 (Wis.) have any applicability to these proceedings.

The allegations of Glazer's complaint are broad enough to encompass Wis. Stat. § 178.13, and by inference SCR 20:7.5.[3] Under the Wisconsin Statutes, Section 178.13, partnership by estoppel arises:

> When a person, by words spoken or written or by conduct, represents himself or herself, or consents to another representing him or her to anyone, as a partner in an existing partnership or with one or more persons not actual partners, *he or she is liable to any such person to whom such representation has been made, who has, on the faith of such representation, given credit to the actual or apparent partnership and, if he or she has made such representation or consented to its being made in a public manner, he or she is liable to such person*, whether the representation has or has not been made or communicated to such person so giving credit by or with the knowledge of the apparent partner making the representation or consenting to its being made.

Wis. Stat. § 178.13 (emphasis added). The Wisconsin partnership by estoppel statute, formerly codified at Wis. Stat. § 123.13, is a part of the Uniform Partnership Act and is a codification of the common law principle. *Wis. Tel. Co. v. Lehman*, 80 N.W.2d 267, 269 (Wis. 1957). The party seeking to hold another liable by estoppel has the burden of proving the elements of estoppel. *Id*.

---

[3] Wisconsin Supreme Court Rule 20:7.5(a) states: "A lawyer shall not use a firm name, letterhead or other professional designation that violates Rule 7.1." Wisconsin Supreme Court Rule 20:7.5(d) expressly provides: "Lawyers may state or imply that they practice in a partnership or other organization only when that is the fact." The Comment to SCR 20:7.5 states: "With regard to paragraph (d), lawyers sharing office facilities, but who are not in fact partners, may not denominate themselves as, for example, 'Smith and Jones' for that title suggests partnership in the practice of law."

Wisconsin Supreme Court Rule 20:7.1(a) states: "A lawyer shall not make a false or misleading communication about the lawyer or the lawyer's services."

A. Brookhouse states the doctrine of partnership by estoppel does not apply to this action because no extension of credit is involved. The words "given credit" appear in the statute. However, the Wisconsin Supreme Court has stated that partnership by estoppel "involves some express or implied representation by the person in question that he is a partner, in reasonable and bona fide reliance upon which the person now seeking to hold him liable as such has extended a credit, *or otherwise changed his position*, in such a manner that he will now[4] be prejudiced if the representation be denied." *Id*. at 270 (emphasis added)(citation omitted). The party seeking to hold another liable as a partner must, in the exercise of reasonable prudence and good faith, have relied upon such condition or thing and been mislead by it. *Wis. Tel. Co.*, 80 N.W.2d at 269 (citation omitted).

Given this 50 year old precedent it appears that, in Wisconsin, estoppel may be based on a change in position and is not limited to an extension of credit. *See Id*. *See also Manning v. Crockett*, No. 95 C 3117, 1999 U.S. Dist. LEXIS 1304, at \*35 (N.D. Ill Jan. 26, 1999) (surveying cases from a number of federal and state jurisdictions and stating that "courts have nevertheless found that phrase 'given credit to the actual or apparent partnership' relates not only to financial credit but also to detrimental reliance generally.") The lack of an extension of credit does not preclude Glazer from asserting partnership by estoppel as a basis for A. Brookhouse's liablity.

---

[4] As of January 30, 2007, the electronic version of the opinion available on WESTLAW.com contained a typographical error – the "w" in "now" appeared as a "t" changing the word to "not." Callahan & Company's 1957 publication of the *Wisconsin Telephone Company v. Lehman* decision in the official Wisconsin reports has the word as "now," as does West Publishing Company's North Western Reporter and the electronic version of the opinion available on LEXIS.com. Thomson/West has been notified of WESTLAW.com error.

Glazer states he changed his position by allowing the Defendants, primarily E. Brookhouse, to do legal work for him and his mother. Thus, it can be said that Glazer has presented some evidence to support one prong of partnership by estoppel – a change in position.

Furthermore, the law firm letterhead the Defendants used during 1999 to 2002 bears the name "Brookhouse, Richardson & Parise" in large type centered at the top of the stationary with the attorneys' names. A. Brookhouse's name is listed on the letterhead. Based on that letterhead, Glazer could reasonably believe that the firm was a partnership. *See generally In re Charlton*, 498 N.W.2d 380, 387-88 (Wis. 1993) (letterhead stationary of "Charlton, Yanish, Gain, Dieterich, & Greco," and "Charlton, Gronowski, Welcenbach & Stanich" and variations thereof implied partnership). *See also*, *Comment* to SCR 20:7.5(d).

The next question is whether Glazer gave the work to the Defendants based on the representation that the Defendants, including A. Brookhouse, were a partnership. Glazer's averment in that regard is compound. Glazer states that if he knew the firm was not a partnership or an association, that E. Brookhouse was a corporation, and that neither E. Brookhouse nor anyone else at the firm had malpractice insurance, he would have refused to allow his mother or him to have the firm or any of the lawyers listed on the letterhead do any work for them, at least until he had been satisfied that they had malpractice insurance or some other form of assets to insure the work that E. Brookhouse was doing for his mother and him. (Glazer Aff. ¶ 5.) Stated somewhat differently, Glazer's reliance was not based simply upon the existence of a partnership but also upon the understanding that the firm was not a

corporation, and that it had malpractice insurance or other means of insuring the legal work.

Glazer's affidavit does not disclose the extent to which he actually relied upon A. Brookhouse's participation in the partnership. The Defendants also point to the uncontested fact that A. Brookhouse was added as a defendant in July 2006, when Glazer discovered that A. Brookhouse was listed on the firm letterhead in 2002.

While the submissions before the Court indicate that B, R & P held itself out as a partnership, there is insufficient evidence to indicate that Glazer relied upon A. Brookhouse's participation in the partnership. Despite construing the evidence in the light most favorable to the non-movant, Glazer relies upon the existence of the partnership as a whole – not A. Brookhouse's involvement in it.

Moreover, absent additional facts, Glazer could not in good faith rely upon the partnership form as a basis for inferring that the firm had financial solidity merely because of its status as a partnership. Nor could he in good faith rely upon the partnership form as a basis for inferring that it had malpractice insurance. Malpractice insurance coverage or solvency cannot be reasonably inferred from the representation that the firm was a partnership.

Having construed the evidence and the reasonable inferences therefrom in the light most favorable to Glazer, this Court concludes that a reasonable jury could not return a verdict finding A. Brookhouse liable under the partnership by estoppel doctrine. Therefore, A. Brookhouse's motion for summary judgment dismissing Glazer's claims for negligence and breach of contract against A. Brookhouse (Docket No. 54) is granted.

9
Case 2:05-cv-00130-RTR   Filed 01/30/07   Page 9 of 11   Document 77

*Motion to Dismiss*

A. Brookhouse also filed a motion to dismiss Glazer's complaint against him pursuant to Federal Rule of Civil Procedure 12(b)(6), maintaining that Glazer has failed to state a claim against him.[5] The motion relies upon the general rule that a non-client cannot sue an attorney for legal malpractice absent some public policy exception.

Given the Court's disposition of A. Brookhouse's summary judgment motion, his motion to dismiss is moot. But, the Court considered the merits of the motion to dismiss before considering the summary judgment motion and therefore makes the following comments. As acknowledged by A. Brookhouse (A. Brookhouse Br. Mot. Dismiss 2n.1), his motion to dismiss raises a legal issue which has been already decided once by this Court. The issue is: May Glazer, as a third-party beneficiary to the Ruffalo trust, pursue a negligence claim against the Defendants?

A. Brookhouse was not a party to the litigation when the issue was raised and properly raised the question by way of motion. The Court carefully considered the arguments and legal authorities relied upon by A. Brookhouse, and concluded that Glazer states a cause of action for negligence against A. Brookhouse, based upon the reasoning set forth in its June 8, 2006, decision and order in this action. The California court of appeals decision in *Moore v. Anderson Zeigler Disharoom Gallager & Gray*, 135 Cal. Rptr. 2d 888 (Cal. Ct. App. 2003), which A. Brookhouse states "got it right," (A. Brookhouse Br. Mot. Dismiss 11), was relied

---

[5]In his response to the motion, Glazer proffered his affidavit. (Docket No. 64.) The Court did not consider Glazer's affidavit in conjunction with the motion to dismiss. *Loeb Indus., Inc. v. Sumitomo Corp.*, 306 F.3d 469, 479 (7th Cir. 2002) (Consideration of the matters outside the pleadings on a Rule 12(b)(6) motion requires conversion of the motion to a motion for summary judgment, notice to the parties, and an opportunity to make supplemental submissions).

upon in the prior briefing on the issue. (Defs.' Br. Standing 10; Defs.' Br. Certification 28 U.S.C. § 1292(b) 5.) The Court does not concur with the California court's conclusion.

Additionally, the amended complaint includes a breach of contract claim against A. Brookhouse which is unchallenged by his motion to dismiss. Therefore, resolution of A. Brookhouse's motion to dismiss would not have lead to dismissal of the complaint. However, Brookhouse's motion to dismiss (Docket No. 52) is denied on the ground that it is moot.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

A. Brookhouse's motion for summary judgment dismissing Glazer's claims for negligence and breach of contract against A. Brookhouse (Docket No. 54) is **GRANTED**.

A. Brookhouse's motion to dismiss (Docket No. 52) is **MOOT** and therefore **DENIED.**

Dated at Milwaukee, Wisconsin this 30th day of January, 2007.

                                              **BY THE COURT**

                                              s/ Rudolph T. Randa
                                              **Hon. Rudolph T. Randa**
                                              **Chief Judge**